UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMMIE DARNELL GORDON, II,

    Plaintiff,

v.                                              Case No. 3:15cv396-LC-CJK

ASSISTANT WARDEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant Sergeant Kent's Motion to Dismiss (doc. 40). Sergeant Kent seeks dismissal of plaintiff's claims against him, arguing plaintiff makes no "mention in the Statement of Facts of any act performed against Plaintiff by Defendant Kent" and "there are no facts from which one can draw an inference that Defendant Kent committed some violation of Plaintiff's constitutional rights." Doc. 40 at pp. 1-2.

Sergeant Kent is correct. Plaintiff mentions Sergeant Kent in his amended complaint, but it is a singular reference among 7 pages and 34 paragraphs of alleged

statements of fact and contains no factual assertion that could even arguably state a claim against Sergeant Kent upon which relief can be granted. Indeed, in paragraph 28 of the statement of facts, plaintiff states merely that "He [an unidentified major] stated 'Those guys were really charged up because they thought you had hurt Sergeant Kent because he fell down and was knocked out cold for a minute.'" Doc. 11 at p. 12.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting* Fed. R. Civ. P. 8(a)(2)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

Here, plaintiff has alleged no facts in support of his claims against Sergeant Kent. Plaintiff's complaint is precisely the type Rule 8 prohibits in that it contains insufficient factual allegations to which Sergeant Kent may respond. The complaint, as constructed, does not state a claim against Kent.

Accordingly, it is respectfully RECOMMENDED:

1. That Defendant Sergeant Kent's Motion to Dismiss (doc. 40) be GRANTED and plaintiff's complaint against Sergeant Kent DISMISSED without prejudice.

At Pensacola, Florida this 4th day of August, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**