UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMMIE DARNELL GORDON, II,

    Plaintiff,

v.                                                                             Case No. 3:15cv396-LC-HTC

COLONEL CARTER, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* on Plaintiff's failure to effect service of process on Defendant Officer Smith.  Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action in September 2015, by filing a complaint under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights to be free from cruel and unusual punishment.[1]  As to Defendant Smith, Plaintiff has alleged a failure to protect claim.  Smith, however, has not been served with process despite considerable efforts by the Court and the United States Marshal's Service

---

[1] For a detailed recitation of the facts alleged see the undersigned's Report and Recommendation on Defendants' motion for summary judgment (ECF Doc. 154).  The Report and Recommendation was adopted by the Court (ECF Doc. 159), and summary judgment was granted on all claims against all Defendants except:  (1) Plaintiff's claims for compensatory and punitive damages under the Eighth Amendment; (2) Plaintiff's claims against Marinin; and (3) Plaintiff's claims for failure to protect against Marinin and Paul.  ECF Doc. 159.

("USMS"). Accordingly, the undersigned respectfully recommends that Officer Smith be dismissed as a defendant pursuant to Federal Rule of Civil Procedure 4(m).

## I.    BACKGROUND

In Plaintiff's initial complaint, Plaintiff identified as a defendant a "Ms. Smith". Although Plaintiff filed this action in September 2015, a summons was not issued to Defendant Smith until October 29, 2016, because Plaintiff did not provide the Court with complete service copies of his complaint, as directed, until October 17, 2016. That summons was served by the USMS on special process servers for Century Correctional Institution and returned unexecuted with a notation that officials could not locate a "M. Smith" as being an employee of Century.[2] ECF Doc. 37.

Thus, in August 2017, the Court ordered the Office of General Counsel for the Florida Department of Corrections ("FDOC") to provide another institutional address to the Court for Smith or provide a confidential address for Smith directly to the USMS. ECF Doc. 51. In response to the Court's order, the FDOC submitted a confidential address for a "Cynthia Smith" to the USMS. ECF Doc. 60.

Subsequently, in February 2018, Plaintiff filed a motion to notify defendants and issue summons to previously unidentified defendants. ECF Doc. 69. The Court

---

[2] Although Plaintiff identified Defendant Smith as "Ms. Smith" in his original and second amended complaint, and the Court issued the summons to a Ms. Smith; it appears that Century searched its records for a "M. Smith."

Case No. 3:15cv396-LC-HTC

could not issue summonses on the newly identified defendants, however, because Plaintiff did not identify their full names or addresses where they could be served, if known. ECF Doc. 72. One of the newly identified defendants was "Officer Ms. Smith." ECF Doc. 69. Thus, Plaintiff corrected his filing with a motion stating that the seven (7) "new" defendants were employed at Century. ECF Doc. 75. Accordingly, the Court ordered a new summons be issued for Smith and the USMS re-attempted service for Smith at Century. The summons was returned unexecuted for "C. Smith", this time with a note that C. Smith had retired.

Because a new summons was issued to Smith at Century before the USMS could attempt service on Smith at the confidential address provided by the FDOC, this Court entered an order on September 16, 2019, directing the USMS to personally serve Cynthia Smith at the confidential address previously provided by the FDOC. ECF Doc. 127. The USMS attempted service on three (3) separate occasions and was unsuccessful on each occasion. Thus, the summons was returned, once again, unexecuted. ECF Doc. 152.

After three separate unsuccessful attempts to serve Defendant Smith, the Court issued an order directing Plaintiff to provide a service address for Smith. ECF Doc. 153. Plaintiff responded to that order but did not provide an address for Smith. Instead, Plaintiff responded that the Court should not dismiss Smith for lack of service even though her whereabouts are unknown and the Court has exhausted its

own efforts to serve Smith because (1) he is incarcerated, proceeding *pro se* and has limited access to the law library; (2) he has no personal information that could be used to help identify and serve Smith; (3) Plaintiff's friend, who is an attorney, may be able to locate Smith if provided with more information about her (e.g., Smith's middle name, date of birth, last known address, or telephone number); and (4) Smith witnessed Defendants' attack on Plaintiff and Plaintiff seeks a subpoena for Smith so Smith can provide testimony.

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010). However, the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* at 1286 (citation omitted).

For prisoners proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States

Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance,* 583 F.3d at 1288. In cases where the *in forma pauperis* plaintiff is a *pro se* prisoner, the Eleventh Circuit has held: "[A]s long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson*, 598 F.3d at 739-40.

As set forth above, the Court and USMS have exerted reasonable efforts to locate and serve Smith. Thus, good cause existed to extend the time for process beyond ninety (90) days while those efforts were being expended. Now, however, the Court and the USMS have exhausted reasonable efforts and Plaintiff has failed to provide good cause for further extending the service deadline for Smith.

First, Plaintiff's status as a *pro se* litigant does not constitute good cause for an extension. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding a *pro se* litigant's lack of knowledge of service procedures did not constitute good cause for failing to timely perfect service); *Sanders v. Fluor Daniel*, *Inc.*, *Lowe v. Hart*, 151 F.R.D. 138, 139 (M.D. Fla. 1993) (same), *aff'd*, 36 F.3d 93 (11th Cir. 1994). Second, Plaintiff's request for the Court to provide him with more information about Smith essentially asks the Court to act as a private investigator and provide to

Plaintiff Smith's personal and confidential information, which it will not do. Indeed, through the Court's efforts, it has already assisted Plaintiff in correctly identifying Smith as "Cynthia Smith". Third, regardless of whether Smith is a defendant in this action, Plaintiff can still request that she be subpoenaed as a witness if he can locate an address for her. Fourth, Plaintiff identified Smith as a defendant more than four (4) years ago, discovery has closed, and dispositive motions have been addressed. Thus, this case is now ready to proceed towards a trial. Leaving Smith as a defendant in this action without any indication that she can be served would prejudice the other defendants, result in a waste of judicial resources, and only delay the resolution of this matter.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's claims against Defendant Smith be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

2. That the clerk be directed to terminate Officer Smith as a Defendant in this case.

3. That the case be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 16th day of January, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:15cv396-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.