UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMMIE DARNELL GORDON, II,

    Plaintiff,

v.                                              Case No. 3:15cv396-MCR-HTC

COLONEL CARTER, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiff's Motion for "Preliminary and Permanent Injunction." ECF Doc. 184. This is the second of such motions filed by Plaintiff, seeking injunctive relief based on events that are not a part of the instant suit.[1] After reviewing the motion and for the reasons previously stated, the undersigned recommends it be DENIED.

    Plaintiff claims he needs a "preliminary and permanent injunction" directing the Florida Department of Corrections ("FDOC") Secretary (who is not a defendant in this case) to order FDOC officials (none of whom are defendants in this case) to discontinue the use of disciplinary force against Plaintiff. *Id.* at 1. Plaintiff asserts

---

[1] In the prior motion for preliminary injunction, Plaintiff sought an injunction arising from a May 26, 2020 incident.

there is a pattern of "guard brutality" and "harassment," and "irreparable harm is likely to happen." *Id.* In support of this contention, Plaintiff cites several alleged incidents, many of which have already been addressed by Plaintiff in prior court filings in this case or Plaintiff's other cases, including: (1) an August 2013 incident at Taylor Correctional Institution; (2) the June 16, 2015 subject incident in this case, which occurred at Century Correctional Institution; (3) and a May 2020 incident at Santa Rosa Correctional Institution. *Id.* at 1–2.

Plaintiff also alleges a "campaign of torture" has been orchestrated against him so that he will drop his present case before this Court. *Id.* at 2. Plaintiff cites an August 17, 2020 cell extraction in which prison guards struck Plaintiff and used a "penis softner [sic] chemical" on Plaintiff. *Id.* at 3. Plaintiff then asserts a second "campaign of torture" ensued, based on events in September 2020, in which some of the same prison guards (1) deprived Plaintiff of food, clothing, and medical care; (2) sprayed Plaintiff's belongings with chemicals; (3) and accused Plaintiff of being "high" on a prior occasion. *Id.* at 4. Plaintiff also cites an October 2020 incident in which a "young[,] white[,] male" officer threatened Plaintiff with mace. *Id.* at 4–5.

Plaintiff alleges these incidents are the result of "systemic racism" and "institutionalization," and he asserts that he intends to file a complaint for the May–September 2020 incidents. *Id.* at 5. Plaintiff states he is awaiting the appointment of counsel and will then request a transfer, if necessary, so he can meet with counsel.

Based on these incidents, Plaintiff "continues to suffer irreparable harm," including, *inter alia*, erectile disfunction, "stomach gas ([e]xtreme)," and "[i]ntellectual [p]roperty theft via [b]rain frequency [m]anipulations . . . ." *Id.* As such, Plaintiff contends that the threat of harm against him justifies a "[p]ermanent [i]njunction." *Id.*

The grant or denial of a preliminary injunction "is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). In determining whether preliminary injunctive relief should be granted, the Court considers whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citations omitted). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four (4) prerequisites. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983). For the reasons discussed below, Plaintiff has failed to carry his burden.[2]

---

[2] To the extent Plaintiff seeks a permanent injunction, he is not entitled to such relief in the present, *pending* action. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("The

As stated above, this Court previously denied a similar motion because it was based on allegations that were not a part of this case and sought relief against defendants who are not parties to this action. ECF Doc. 177 (Report and Recommendation), ECF Doc. 178 (adopting order). Plaintiff's current motion fails for the same reasons.

Aside from Plaintiff's rehashing of incidents that have already been addressed in prior court filings, Plaintiff's motion is based on events alleged to have taken place more than five (5) years after the complaint in this case was filed and at a completely different institution. As detailed in the undersigned's prior Report and Recommendation on Defendants' motion for summary judgment, the crux of Plaintiff's case arises out of a use of force incident occurring on June 16, 2015, while Plaintiff was incarcerated at Century Correctional Institution. ECF Doc. 154. Plaintiff's case, which has been referred to the District Judge for trial, has nothing to do with whether officers at Santa Rosa Correctional Institution conducted "campaign[s] of torture" against Plaintiff in May–October 2020.

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Attorney Gen.*, 957 F.3d 1171, 1178–79 (11th Cir. 2020) (citing *Ne. Fla. Ch. of Ass'n*

---

standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success.").

*of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)). Thus, "the relief sought in the motion must be closely related to the conduct complained of in the actual complaint." *Brown v. Anglin*, 2016 WL 6803133, at *1 (N.D. Fla. Jun. 27, 2016) (denying motion for preliminary injunction related to a sexual assault that was wholly unrelated to claim in suit for lack of access to legal materials), *report and recommendation adopted sub nom. Brown v. Holland*, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016). No such purpose will be served by granting Plaintiff's motion since the conduct complained of is wholly unrelated to the conduct complained of in the complaint.

Moreover, not only are the May–October 2020 incidents wholly unrelated to Plaintiff's claims in this case, but they also cannot be made a part of this action because Plaintiff clearly could not have exhausted these "new" claims prior to the filing of this suit. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (making clear that a plaintiff must exhaust his administrative remedies *before filing suit* and holding that a supplemental complaint cannot cure an exhaustion defect); *Leao v. Hartman and Tyner, Inc.*, 2014 WL 12603171, at *1 (S.D. Fla. Mar. 17, 2014) (denying plaintiff's motion for leave to amend to state a claim of retaliation because the facts upon which the claim was based did not occur until after the original complaint was filed and finding that "the better practice for proceeding with this type of claim . . . is to proceed with a second, separate lawsuit"). Thus, to the extent

Plaintiff seeks relief arising out of the May–October 2020 incidents, he must file a separate action and must ensure that he has exhausted his administrative remedies prior to doing so. Indeed, Plaintiff acknowledges as much by indicating that he intends to file a complaint relating to the May–September 2020 incidents. It is in that separate action that he should seek the relief he seeks in the instant motion.

Also, neither Inch nor the FDOC officials in question are defendants in this action. Thus, it appears the relief sought by Plaintiff is only against non-parties. However, "[t]he persons from whom injunctive relief is sought must be parties to the underlying action." *Bethel v. Escambia Cty., FL*, 2006 WL 3780716, at *3 (N.D. Fla. Dec. 20, 2006); *see also In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842–43 (11th Cir. 1995) (finding that the court lacked subject matter jurisdiction to issue a preliminary or permanent injunction against a non-party); *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) (holding that district court is not authorized to grant injunctive relief against non-parties).

Accordingly, it is RECOMMENDED that Plaintiff's Motion for "Preliminary and Permanent Injunction" (ECF Doc. 184) be DENIED.

At Pensacola, Florida, this 25th day of November, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.